Cook, X,
delivered the opinion of the Court.
The Bank of Edwardsville, as assignee, brought suit against Simpson on a promissory note, and on the trial of the general issue, two questions arose in the Circuit Court as appears by the hill of exceptions: first, whether the Bank, being a corporation, ereated by the laws of the State of Illinois, could sue in the Courts of this State ? and secondly, whether, by the terms of charter, said Bank is authorized to deal in promissory notes, so far as to. become the purchaser thereof. On the first point the Circuit Court gave no opinion }. hut on the second, decided the law to he-for the defendant, and gave judgment accordingly. Upon the first question, it is assumed by the counsel for the defendant in error, that, with respect to matters of' State policy and State regulations, the several States of the Union are to,he considered as separate and independent sovereignties, and the plaintiffs in error, in this case, to he viewed as a foreign corporation.. We do not deem it material, on this occasion, to decide upon the correctness of this position, being satisfied that the action may be maintained by such corporation.. We are not aware of any adjudicated case, in which it has been held that the- Courts of one government cannot recognize tile existence of a corporation created by another. In the case of Henriques and others d. the Dutch West, India Company, reported 2d Lord Raymond’s Rep. 1532, it was con *130 tended in behalf of the plaintiffs in error, that the law of England does not take notice of any foreign corporation, and the House of Lords affirmed the judgment of the Court of King’s Bench, notwithstanding this objection. And, in the case of the same Company v. Van Moyses, reported in a note to the above case, (1535,) Lord Chief Justice King, before whom the cause was tried, at nisiprins, upon nonassumpsit pleaded, required the plaintiffs to give in evidence “ the proper instruments whereby, by the law of Holland, they were effectually created a corporation there and, after hearing the objections made by the counsel for the defendant, directed the jury to find for the plaintiffs. In the case of the Bank U. S. v. Dencaux et als., (5 Cranch, 91,) the principle is expressly recognized, that the Court will look beyond the corporate name, and notice the character of the individuals who compose the corporation. That case, although not directly in point, is strongly analagous to this. The Bank brought suit against the defendants in the Circuit Court of the United States for the District of Georgia. The objection was, that the Court had not jurisdiction, the corporation not being a citizen of any State, and the Court decided the question according to the capacity of the members of the corporation, to sue in that Court; and, in (10th Mass. Rep. 91,) the right of a foreign corporation to sue is expressly recognized. The other point depends upon the terms of the act of incorporation. The third section of that act, as set out in the bill of exceptions, enables the corporation to purchase, possess and enjoy, lands, rents, tenements, hereditaments, goods, chattels and effects, of whatsoever kind or quality, to a certain amount. The seventh section restrains the Bank, generally, from dealing or trading, except in bills of exchange, gold or silver, or in the sale of goods pledged for money lent, or which shall be the proceeds of its lands. A corporation, as such, can claim no right but such as it may acquire in conformity with the act of incorporation; and, in this case, we are of opinion that the Bank could not acquire a right to a promissory note, by purchase, in the ordinary course of dealing, as it does not come within the exceptions to the geneial restraining provision.
The' case of Bank of Missouri v. Price, decided in this Court, is not analagous to this. In that case, the Bank charter gives general power to trade and deal, and, in a subsequent section, forbids the corporation to deal or trade in certain things. The promissory note is not included within the inhibition.
The judgment must, therefore, be affirmed with costs.